| | | |
|---|---|---|
| **LISA E. GARVINE** | * | IN THE |
| 23 Jericho Road | * | |
| Salem, New Jersey 08079 | * | CIRCUIT COURT |
| | * | |
| Plaintiff | * | FOR |
| | * | |
| v. | * | CECIL COUNTY |
| | * | |
| **STATE OF MARYLAND** | * | |
| **Office of the State Treasurer** | * | |
| Louis L. Goldstein Treasury Building | * | |
| 80 Calvert Street | * | Case No.: C-07-CV-16-000153 |
| Annapolis, Maryland 21401 | * | |
| | * | |
| Defendant | * | |
| | * | |
| **SERVE ON:** | * | |
| Nancy K. Kopp, State Treasurer | * | |
| Office of the State Treasurer | * | |
| Louis L. Goldstein Treasury Building | * | |
| 80 Calvert Street | * | |
| Annapolis, Maryland 21401 | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

TO THE HONORABLE, THE JUDGES OF SAID COURT:

**NOW COMES** Lisa E. Garvine, Plaintiff, by her attorneys, Charles L. Scott, Jr., Esq. and Jennifer M. Chesney, Esq. of Scott and Scott, who respectfully states:

### FACTS

1. Plaintiff, Lisa E. Garvine, is over 18 years of age and a resident of Salem County, New Jersey. Her address is 35 Jericho Road, Salem, New Jersey 08079.

2. Plaintiff, Lisa E. Garvine is an avid equestrian with over forty (40) years of equine experience.

Doris P. Scott
Charles L. Scott
Charles L. Scott, Jr.
Attorneys at Law
Elkton, Maryland

3. On October 11, 2015, at approximately 10:45am, Plaintiff, Lisa E. Garvine was horseback riding at the Fair Hill Natural Resources Management Area for a charity event hosted by Oxford Feed & Lumber.

4. Fair Hill Natural Resources Management Area is owned by the Defendant, State of Maryland.

5. Located just a few feet off the trail at the start of the event was a precipitous six foot (6') drop off (ledge) where a man-made drainage culvert had been constructed.

6. The dangerous drop off was not protected by a guardrail or fence.

7. The dangerous drop off was not visible to the Plaintiff, Lisa E. Garvine, or other riders because it was obscured by eighteen inch (18") high grass, overgrown bushes and branches.

8. There were no signs, orange cones, caution tape, etc. warning unsuspecting visitors and riders of the hidden danger.

9. Given the close proximity of the drop off to the trail, it was clearly foreseeable that riders could or would be injured.

10. At approximately 10:45am, Plaintiff, Lisa E. Garvine's horse was crowded off the trail due to a bottleneck of horses and riders at the designated start (approximately 300 horses and riders participated in the event).

11. Plaintiff, Lisa E. Garvine's horse's rear hoof stepped back and slid off the hidden ledge/embankment causing Plaintiff to fall backwards close to twelve (12) feet (the horse is 15.1 hands tall plus a 6 foot drop-off), fracturing her scapula.

12. Plaintiff, Lisa E. Garvine landed in approximately two feet (2') of water where the man-made culvert pipe drained, with her horse falling on top of her.

13. Plaintiff, Lisa E. Garvine was trapped under her twelve hundred pound (1200 horse) and gasping to breathe, causing her to panic and inhale water.

14. Plaintiff, Lisa E. Garvine's horse rocked back and forth on top of Plaintiff before he was able to gain enough momentum to stand up and get off of his rider.

15. Plaintiff, Lisa E. Garvine became even more panicked when she saw the blood-stained water and realized that blood was spurting out of her horse's rear leg where an old metal fence post abutting from the side of the embankment had lacerated an artery.

16. In accordance with the Maryland Tort Claims Act, and pursuant to Md. Code Ann., State Gov't, §12-106, Plaintiff, Lisa E. Garvine, notified the Office of the State Treasurer of her claim in writing on or about May 13, 2016 (well within 1 year after the injury). (See exhibit #1 attached hereto.)

17. In a letter dated August 29, 2016, the Defendant, State of Maryland, denied Plaintiff's claim. (See exhibit #2 attached hereto.)

18. This action is being filed within three (3) years after the cause of action arose.

## COUNT I – NEGLIGENCE

Plaintiff Lisa E. Garvine sues Defendant State of Maryland and states:

19. Paragraphs 1 through 18 (above) are incorporated herein by reference.

20. Plaintiff, Lisa E. Garvine was a business invitee at the time of the accident (or alternatively, at minimum, she was a public invitee).

21. The Defendant, State of Maryland (more specifically, the Department of Natural Resources) had a duty to use reasonable and ordinary care to keep individuals using its property safe.

22. Fair Hill Natural Resource Management Area (and the State of Maryland) has an affirmative duty to inspect a course that has been designated by an event host/organizer that intends to use the property.

23. Defendant, State of Maryland, had a duty to warn of hidden dangers.

24. Defendant, State of Maryland, had a duty to take reasonable precautions to prevent foreseeable dangers.

25. Defendant, State of Maryland, had a duty to protect invitees from injuries caused by foreseeable risks that invitees, while exercising ordinary care for their own safety, would not discover.

26. Defendant, State of Maryland, breached its duty of care by failing to adequately inspect the property.

27. Defendant, State of Maryland, breached its duty of care by failing to take reasonable precautions to make the trail, and areas immediately adjacent thereto, safe.

28. Defendant, State of Maryland, breached its duty of care by failing to warn of the hidden danger that lurked just off of the trail.

29. Defendant's negligence was a proximate cause of the ensuing fall, wherein Ms. Garvine plummeted approximately twelve (12) feet into a man-made drainage culvert and was seriously injured (as was her horse).

30. Ms. Garvine was at all times riding her horse in a careful and prudent fashion and was unable to avoid the fall as a result of the over-crowding at the designated start of the trail ride and the hidden nature of the defect.

31. As a result of the fall, Plaintiff, Lisa E. Garvine suffered serious injuries, including, but not limited to: a comminuted displaced fracture of the body of the right scapula and rib contusions.

32. As a result of her injuries, Plaintiff has experienced excruciating pain and suffering, mental anguish and loss of enjoyment of life, and has been prevented from performing her normal activities.

33. As a result of the incident, Plaintiff sustained economic losses, lost wages, medical bills, and veterinarian bills directly related to the injuries sustained therein.

34. Plaintiff will continue to incur future pain and suffering, mental anguish, and loss enjoyment of life.

35. Plaintiff further avers that all of her injuries, damages and losses, past, present, and future, were caused by the negligence of the Defendant, without any negligence or want of due care on the part of the Plaintiff contributing thereto.

WHEREFORE, Plaintiff Lisa E. Garvine claims a sum in excess of $75,000.00 dollars and request that a judgment be entered against Defendant, State of Maryland in said amount, plus interest and costs.

AND, AS IN DUTY BOUND, ETC.

_____
Jennifer M. Chesney, Esq.
jennifer@scottandscott.com

_____
Charles L. Scott, Jr., Esq.
Scott & Scott
109 East Main Street
Elkton, Maryland 21921
(410) 398-0611 Phone
(410) 398-0617 Fax
cscottjr@scottandscott.com
Attorneys for Plaintiff

## JURY DEMAND

The Plaintiff, pursuant to Maryland Rule 2-325(a), respectfully requests that the trial of this matter be heard by a jury.

_____
Charles L. Scott, Jr., Esq.

## MARYLAND RULE 20-201 CERTIFICATION

I CERTIFY that this submission does not contain any restrictive information, or, if it does contain restrictive information, a redacted submission has been filed contemporaneously pursuant to subsection (f)(2) of the above-referenced rule.

_____
Charles L. Scott, Jr., Esq.