| | | |
|---|---|---|
| **LISA E. GARVINE** | * | IN THE |
| Plaintiff | * | CIRCUIT COURT |
| v. | * | FOR |
| **STATE OF MARYLAND** | * | CECIL COUNTY |
| Defendant | * | Case No.: C-07-CV-16-000153 |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MOTION FOR ORDER COMPELLING DISCOVERY AND FOR SANCTIONS

NOW COMES the Plaintiff, Lisa E. Garvine, by Charles L. Scott, Jr., Esq. and Jennifer M. Chesney, Esq., of Scott and Scott, her attorneys, who pursuant to Maryland Rule 2-432 and 2-433 respectfully moves that this Honorable Court issue an Order Compelling Discovery and for Sanctions against the Defendant, State of Maryland, and in support therefor respectfully states:

1. On October 20, 2016, Plaintiff, Lisa E. Garvine served the Defendant, State of Maryland by mailing (via certified mail) to the Office of the State Treasurer, Plaintiff's First Set of Interrogatories to Defendant, First Request for Production of Documents to Defendant, Request for Admissions of Documents, and Request for Admissions of Facts along with the Summons and Complaint in the above-cited case (see copy of Affidavit of Service by Certified Mail and Certificate Regarding Discovery attached hereto as Exhibits #1 and #2, respectively).[1]

---

[1] Defendant provided an electronic copy and mailed a hard copy of her client's Response to First Request for Production of Documents to Plaintiff on December 30, 2016.

Doris P. Scott
Charles L. Scott
Charles L. Scott, Jr.
Attorneys at Law
Elkton, Maryland

2. Accordingly, Defendant, State of Maryland's initial pleading or motion was due on or before November 21, 2016 (Counsel for Defendant admitted such during her phone call of November 10, 2016).

3. Pursuant to Maryland Rule 2-421(b), the Defendant, State of Maryland had fifteen (15) days from the date on which its initial pleading or motion was required to provide answers to the Interrogatories.

4. According to Plaintiff's calculations, Defendant, State of Maryland's Answers to Plaintiff's First Set of Interrogatories were initially due on or before December 6, 2016; however, Plaintiff granted extensions until December 20, 2016 and then December 30, 2016.

5. Despite the two (2) extensions, to date, Plaintiff has yet to receive Defendant's Answers to Plaintiff's First Set of Interrogatories.

6. According to Plaintiff's calculations, Defendant, State of Maryland's Responses to Request for Admissions of Documents were initially due on or before December 6, 2016; however, Plaintiff granted extensions until December 20, 2016 and then December 30, 2016.

7. Despite the two (2) extensions, to date, Plaintiff has yet to receive Defendant's Responses to Request for Admissions of Documents.

8. According to Plaintiff's calculations, Defendant, State of Maryland's Responses to Request for Admissions of Facts were initially due on or before December 6, 2016; however, Plaintiff granted extensions until December 20, 2016 and then December 30, 2016.

9. Despite the two (2) extensions, to date, Plaintiff has yet to receive Defendant's Responses to Request for Admissions of Facts.

10. Pursuant to Maryland Rule 2-424(b), each document in Plaintiff's Request for Admissions of Documents shall be deemed admitted because Defendant failed to timely file Responses to the Request for Admissions of Documents addressing the genuineness of said documents before December 30, 2016, which was the deadline of the second extension permitted by Counsel for Plaintiff [which was later than (15) days from the date on which its initial pleading or motion was required (December 6, 2016)].

11. Pursuant to Maryland Rule 2-424(b), each of the matters in Plaintiff's Request for Admissions of Facts shall be deemed to be true because Defendant failed to timely file Responses to the Request for Admissions of Facts addressing the truth of the matters before December 30, 2016, which was the deadline of the second extension permitted by Counsel for Plaintiff [which was later than fifteen (15) days from the date on which its initial pleading or motion was required (December 6, 2016)].

12. A hearing is scheduled in the case on Defendant's Motion to Dismiss is scheduled for January 18, 2017.

13. On November 10, 2016, Counsel for Defendant called Counsel for Plaintiff to acknowledge that she would be filing a Motion to Dismiss or Motion for Summary Judgment and asked that she be permitted to submit Defendant's discovery responses within thirty (30) days after the ruling on said Motion.

14. Counsel for Plaintiff explained that the discovery responses would be necessary in order for to prepare for the Hearing and to adequately represent his client and that, as a result, he was unable to provide a blanket extension.

15. Counsel for Plaintiff also offered to narrow the discovery by listing the requests that Counsel deemed relevant to the Motion to Dismiss and/or Motion for Summary Judgment (subsequently filed on or about November 18, 2016) and allowing the additional discovery to be responded to after the Hearing, but Counsel for Defendant declined the offer.

16. Counsel for Defendant sent an email to Counsel for Plaintiff on November 28, 2016 again asking for an extension for the discovery so that her client's responses would not be due until thirty (30) days after the Court issues a ruling on the Motion to Dismiss and/or Summary Judgment.

17. Counsel for Plaintiff responded via email that same day (November 28, 2016), again explaining that some of the discovery requests are directly related to the State's Motion, and (again) offered to provide a list of the requests that he identified as being relevant to the Motion and to allow all other requests to be provided after the Court issued a ruling on the Motion. Still, Counsel for Plaintiff advised that he would be willing to grant an additional two (2) additional weeks for the relevant requests.

18. Counsel for Defendant replied that the two (2) week extension (thereby extending the deadline to December 20, 2016) should be enough time for her to prepare all of the responses; in the event that it wasn't, she would reach out to Counsel for Plaintiff's office in order to send, at minimum, the responses deemed priority (see email chain between Counsel for Plaintiff and Counsel for Defendant on the date of November 28, 2016 attached hereto as Exhibit #3).

19. Counsel for Defendant, State of Maryland sent an email to Counsel for Plaintiff on December 20, 2016, stating in part, that she was sick and not going to be

able to send her client's discovery responses as planned. She further advised that she hoped Counsel for Plaintiff would accept the responses by the end of the first week of January (see copy of Counsel for Defendant's email dated December 20, 2016 attached hereto as Exhibit #4).

20. Counsel for Plaintiff, Lisa E. Garvine responded with his own email dated December 20, 2016, in which he stated "given the January hearing date, I can give you until Friday, December 30th at 5p.m." (see copy of Counsel for Plaintiff's email attached hereto as Exhibit #5).

21. On December 30, 2016, Counsel for the State of Maryland sent an email to Counsel for Plaintiff with her client's Response to First Request for Production of Document attached, and advised that she planned "to send the State's Answers to Interrogatories and Responses to the Requests for Admissions to you next week" (see copy of Counsel for Defendant's email dated December 30, 2016 attached hereto as Exhibit #6).

22. On January 4, 2017, fifteen (15) days past the extension that Counsel for Plaintiff permitted, Counsel for Plaintiff sent Counsel for Defendant another email in reference to the outstanding discovery responses in an effort to resolve the discovery dispute (see copy of Counsel for Plaintiff's email dated January 4, 2017 attached hereto as Exhibit #7).

23. Also on January 4, 2017, Counsel for Defendant, State of Maryland sent a snarky reply email, in which she did not provide a timeline for when she would have the discovery responses completed, prompting the filing of this Motion to which Counsel for Defendant sent a reply (see copy of Counsel for Defendant's

5

email dated January 4, 2017 and Counsel for Plaintiff's email of the same date attached hereto as Exhibits #8 and #9, respectively).

24. Counsel for Plaintiff, Lisa E. Garvine, in good faith, made numerous attempts to obtain the overdue discovery responses after offering to narrow the responses requested deemed necessary for the Motion to Dismiss hearing and after already granting two (2) extensions.

25. To date, the Defendant, State of Maryland has wholly failed to provide any Answers to Interrogatories and Answers to Request for Admissions (of Documents and Facts).

26. Counsel for Plaintiff, Lisa E. Garvine cannot adequately prepare for the hearing on Defendant's Motion to Dismiss and/or Summary Judgment, scheduled for January 18, 2017, without the Defendant's discovery responses.

27. The Plaintiff is entitled to receive and review the information sought in her discovery to Defendant.

28. Justice demands the Court's intervention and application of remedial measures.

29. Respectfully, pursuant to Maryland Rule 2-432, not only is an order compelling Defendant to respond to these discovery requests appropriate in this matter, but pursuant to Maryland Rules 2-432 and 2-433, due to Defendant's total disregard for the discovery deadlines and extensions granted by Counsel for Plaintiff, appropriate sanctions against the Defendant are also in order.

WHEREFORE the Plaintiff, Lisa E. Garvine respectfully moves that this Honorable Court:

A) Pass an Order Compelling Discovery directing the Defendant to provide complete and truthful answers to Plaintiff's Interrogatories within five (5) days;

B) Pass an Order directing that the genuineness of each document of which an admission (in Plaintiff's Request for Admission of Documents) was requested shall be deemed admitted;

C) Pass an Order directing that each matter of which an admission (in Plaintiff's Request for Admission of Facts) was requested shall be deemed admitted;

D) Order that Defendant's failure to provide these discovery responses was not substantially justified, nor in good faith, and award Counsel for Plaintiff reasonable attorneys fees in the amount of $500.00;

E) Grant the Plaintiff such other relief as the nature of her cause may require.

Respectfully Submitted:

*Jennifer M. Chesney*
Jennifer M. Chesney, Esq.
jennifer@scottandscott.com

*Charles L. Scott, Jr.*
Charles L. Scott, Jr., Esq.
Scott & Scott
109 East Main Street
Elkton, Maryland 21921
(410) 398-0611 Phone
(410) 398-0617 Fax
cscottjr@scottandscott.com
Attorneys for Plaintiff

7

## MARYLAND RULE 2-431 CERTIFICATION

Prior to the filing of this Motion, Counsel for the Plaintiff, in good faith, attempted to resolve the instant discovery dispute with Counsel for the Defendants, see paragraphs 17 through 26 above and the attached exhibits.

_____
Charles L. Scott, Jr., Esq.

## MARYLAND RULE 20-201 CERTIFICATION

I CERTIFY that this submission does not contain any restrictive information, or, if it does contain restrictive information, a redacted submission has been filed contemporaneously pursuant to subsection (f)(2) of the above-referenced rule.

_____
Charles L. Scott, Jr.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6 day of January, 2017, a copy of the foregoing Motion for Order Compelling Discovery and For Sanctions was filed and served electronically via MDEC, and also mailed first-class, postage prepaid to Julia Solomon, Assistant Attorney General, Maryland Department of Natural Resources, 580 Taylor Avenue, C-4, Annapolis, Maryland 21401, Attorney for Defendant.

_____
Charles L. Scott, Jr., Esq.