IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| LISA E. GARVINE | * | |
| Plaintiff | * | |
| v. | * | |
| THE STATE OF MARYLAND, et al. | * | Case No. 1:17-cv-01013-JMC |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**MOTION *IN LIMINE* BY DEFENDANT, THE OXFORD GRAIN & HAY COMPANY, TO PRECLUDE PLAINTIFF FROM INTRODUCING UNTIMELY PRODUCED MATERIALS, INFORMATION, AND EXPERT OPINIONS**

Defendant, The Oxford Grain & Hay Company ("Oxford"), by and through its attorneys, Guido Porcarelli and The Law Offices of Frank F. Daily, P.A., hereby move this Honorable Court for an Order *in limine* precluding Plaintiff from attempting to submit into evidence or elicit testimony regarding materials, information, and expert opinions produced after all applicable deadlines have passed including the deadline for motions *in Limine*. In support thereof, Oxford states as follows:

## INTRODUCTION

This matter arises out of injuries allegedly sustained by Plaintiff, Lisa Garvine, after her horse fell during a charity horse ride organized by Oxford, on land owned by the State of Maryland (the "State"), on October 11, 2015. Plaintiff initially filed suit in this matter in the Circuit Court for Cecil County on October 10, 2016. On April 12, 2017, Oxford, which had been named as a Third Party Defendant in the state court action,

removed the case to the U.S. District Court for the District of Maryland. On February 12, 2018, this Honorable Court issued an Order modifying the Scheduling Order and setting forth a discovery deadline of **February 22, 2018**. *See* Modified Scheduling Order, attached hereto as **Exhibit A**.

During the discovery period, the parties exchanged documents and written discovery and took the depositions of fifteen (15) witnesses, including the parties' liability experts, Stephen Fulton (Plaintiff) and Patricia Gilbert (Defendants), on January 9, 2018, and March 16, 2018, respectively.

On February 28, 2019, over one (1) year after discovery closed and just twenty-five (25) days before trial in this matter, counsel for Plaintiff emailed several photographs to counsel for the Defendants as an "update to discovery." *See* February 28, 2019 Email, attached hereto as **Exhibit B**; *see also* Photographs, attached hereto as **Exhibits C through F**. These photographs had never before been produced. Indeed, Plaintiff's counsel offered no context or explanation for these photographs other than to say that the photographs were "taken by Stephen Fulton on his recent trip to a horse event in North Carolina," and indicated that his liability expert, Mr. Fulton, intends to rely upon these photographs at trial. *See* **Exhibit B**.

Trial remains scheduled to begin on March 25, 2019. At trial, Plaintiff, her attorneys, and her experts, should be precluded from referring to, attempting to submit into evidence, or elicit testimony regarding, these photographs or any other materials not timely produced.

# ARGUMENT

## I. Plaintiff's Disclosure of the Photographs is Untimely.

Plaintiff produced four (4) new photographs, upon which her expert purportedly intends to rely at trial, after the deadline for supplemental expert disclosures under Federal Rule of Civil Procedure 26. With respect to the disclosure of expert testimony generally, Rule 26(a)(2)(B) provides that any expert "retained or specially employed to provide expert testimony" must produce a written report setting forth "a complete statement of all opinions the witnesses will express and the basis and reasons for them," including "any exhibits that will be used to summarize or support" those opinions. FED R. CIV. P. 26(a)(2)(B). Rule 26 clearly contemplates, and indeed requires, the disclosure of exhibits upon which Plaintiff's expert will rely, including the photographs only recently produced to defense counsel on February 28, 2019.

Rule 26(e) further requires timely supplementation of information provided by an expert:

> For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. **<u>Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due.</u>**

FED R. CIV. P. 26(e). Rule 26(a)(3) mandates that pretrial disclosures are due "**at least 30 days before trial**." FED R. CIV. P. 26(a)(3). Plaintiff first disclosed the photographs, attached hereto as Exhibits C through F, **twenty-five (25) days** prior to trial.

## II. RULE 37 PRECLUDES USE OF THE UNTIMELY DISCLOSED PHOTOGRAPHS.

Rule 37(c)(1) provides: "[a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use at trial . . . any witness or information not so disclosed." FED R. CIV. P. 27(c)(1). Where a party has failed to supplement its expert's reports and deposition testimony upon learning of new information, as required by Rule 26(e), the court may exclude any new opinion offered by the expert. *See Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 595–96 (4th Cir. 2003) (citing *Tenbarge v. Ames Taping Tool Sys., Inc.*, 190 F.3d 862, 865 (8th Cir. 1999)).

The language of Rule 37 provides two exceptions to the general rule excluding untimely disclosed information: "(1) when the failure to disclose is 'substantially justified,' and (2) where the nondisclosure is 'harmless.'" *Southern States*, 318 F.3d at 596. Rule 37 does **not** require a showing that the non-disclosing party acted in bad faith in order to merit exclusion of untimely disclosed evidence. *Id.* (citing *Thibeault v. Square D Co.*, 960 F.2d 239, 246 (1st Cir. 1992), *Wilson v. Bradlees of New England, Inc.*, 250 F.3d 10, 12 (1st Cir. 2001), *Finley v. Marathon Oil Co.*, 75 F.3d 1225, 1230 (7th Cir. 1996)). Instead, the "basic purpose" of Rule 37 is "preventing surprise and prejudice to the opposing party." *Id.*

Here, Plaintiff's late disclosure of the photographs taken by her expert is not "substantially justified." Plaintiff initially filed suit over two (2) years ago – on October 10, 2016 – for injuries she allegedly sustained in October 2015. Plaintiff, and her expert,

Mr. Fulton, have had ample time to develop all evidence upon which Mr. Fulton will rely to give his testimony at trial. Moreover, given that the only information Plaintiff has provided about these photographs is that they were taken on a "recent trip to a horse event in North Carolina," there is no apparent justification for the failure to obtain and produce similar photographs prior to the close of discovery or within the timeframe contemplated by Rule 26. *See* **Exhibit B**.

Furthermore, Plaintiff's failure to timely disclose these photographs is not "harmless." Plaintiff has provided no information about what her expert, Mr. Fulton's opinions are with respect to these photographs, or the manner in which Mr. Fulton intends to rely upon these photographs during his testimony at trial. Leaving the Defendants to perform guesswork as to Mr. Fulton's opinions is prejudicial and harmful to Defendants. "[T]he ability to simply cross-examine an expert concerning a new opinion at trial is not the ability to cure" the surprise presented by the undisclosed opinion. *Southern States*, 318 F.3d at 598. Instead, "the rules of expert disclosure are designed to allow an opponent to examine an expert opinion for flaws and to develop counter-testimony through the party's own experts." *Id.* (internal quotations omitted).

Here, that was not possible. The parties deposed Mr. Fulton on January 9, 2018, but were not able to question Mr. Fulton about these photographs, or his opinions related thereto, because the photographs had never before been produced. Likewise, Defendants' expert, Ms. Gilbert, has provided opinions based on the information made available to her during discovery, which did not include these photographs or Mr.

Fulton's opinions thereof. Defendants have therefore been deprived of the opportunity to develop counter-testimony through their own expert, Ms. Gilbert.

The disclosure of the photographs is clearly untimely under Rule 26, and, pursuant to Rule 37, Plaintiff, her attorneys and expert should be precluded from introducing or relying upon these photographs at trial.

### III. ANY OTHER INFORMATION UNTIMELY PRODUCED BY PLAINTIFF SHOULD ALSO BE EXCLUDED.

To the extent that Plaintiff, through her attorneys or her expert, subsequently disclose any additional information, which was not previously produced during discovery or disclosed in accordance with Rule 26, the arguments set forth herein are equally applicable to such information and such information should, likewise, be excluded from trial.

WHEREFORE, for the foregoing reasons, The Oxford Grain & Hay Company respectfully requests that this Honorable Court grant Oxford's Motion *in Limine* and issue an Order precluding Plaintiff from referring to, attempting to submit into evidence, or elicit testimony regarding, untimely produced materials, information, and expert opinions.

Respectfully submitted,

  /s/ Guido Porcarelli
Guido Porcarelli, Fed Bar No. 08058
The Law Offices of Frank F. Daily, P.A.
Suite 704, Executive Plaza III
11350 McCormick Road
Hunt Valley, MD 21031
410-584-9443; FAX: 410-584-9619
gporcarelli@frankdailylaw.com

Attorney for Defendant,
The Oxford Grain & Hay Company

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 8th day of March, 2019, a copy of the foregoing Motion *in Limine* by Defendant, The Oxford Grain & Hay Company, to Preclude Plaintiff from Introducing Untimely Produced Materials, Information and Expert Opinions, exhibits, and proposed Order, were electronically served through the court's ECM – ECF system upon the following counsel of record:

| | |
|---|---|
| Charles L. Scott, Jr., Esq. | Julia Solomon, Esq. |
| Jennifer M. Chesney, Esq. | Assistant Attorney General |
| Scott and Scott, P.A. | Maryland Department of Natural |
| 109 East Main Street | Resources |
| Elkton, Maryland 21921 | 580 Taylor Avenue, C-4 |
| Attorney for Plaintiff | Annapolis, Maryland 21401 |
| | Attorney for Defendant, State of Maryland |

Louis G. Close, III, Esq.
Office of Louis G. Close III LLC
403 Central Avenue
Towson, Maryland 21204
Attorney for Plaintiff

_____/s/_____
Guido Porcarelli