IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LISA E. GARVINE, | * | |
| Plaintiff, | * | |
| v. | * | Civil Case No. 17-01013-JMC |
| STATE OF MARYLAND, *et al.* | * | |
| Defendants. | * | |

\* \* \* \* \* \* \*

## MEMORANDUM OPINION
## REGARDING MOTIONS *IN LIMINE*

This suit arises out of injuries sustained by Plaintiff Lisa E. Garvine after falling off her horse on October 11, 2015, during a charity horse ride organized by Defendant The Oxford Grain & Hay Company ("Oxford") on land owned by Defendant State of Maryland ("Maryland" or the "State"), (collectively, the "Defendants"). The parties consented to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c) and Local Rule 301.4. (ECF Nos. 61, 63, 64). Plaintiff previously filed the Amended Complaint, (ECF No. 35), against Oxford and Maryland alleging negligence. Maryland has also filed a Third Party Complaint, (ECF No. 6), against Oxford for negligence and indemnification and/or contribution. Trial is scheduled to begin next Monday, March 25, 2019. Now pending before this Court are five Motions in *Limine*: (1) Plaintiff's to Prohibit Defendants from Mentioning the Maryland Recreational Use Statute (ECF No. 69); (2) Plaintiff's to Prohibit Defendants from Mentioning the Registration Form "Waiver" (ECF No. 69-2); (3) Defendant State's to Exclude Evidence of Subsequent Remedial Measures (ECF No. 70); (4) Defendant State's to Exclude Evidence of Fences, Railings, or Warnings Above Other Culverts or Water Bodies (ECF No. 76); and (5) Defendant Oxford's to Preclude Plaintiff from Introducing Untimely Produced Materials, Information, and Expert Opinions (ECF

No. 83). The Court has considered all oppositions, (ECF Nos. 71, 72, 73, 85), no replies were filed, and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). Each is discussed in turn below.

## DISCUSSION

"A ruling on a motion *in limine* is no more than a preliminary or advisory opinion that falls entirely within the discretion of the district court." *Adams v. NVR Homes, Inc.*, 141 F. Supp. 2d 554, 558 (D. Md. 2001) (internal citations omitted). "The primary purpose of an *in limine* ruling is to streamline the case for trial and to provide guidance to counsel regarding evidentiary issues." *Id.*

**A. Plaintiff's Motions *in Limine* to Prohibit Defendants from Mentioning the Maryland Recreational Use Statute ("MRUS"), Md. Code Ann., Nat. Res. § 5-1101 *et seq.*, (ECF No. 69), and to Prohibit Defendants from Mentioning the Registration Form "Waiver." (ECF No. 69-2).**

Plaintiff argues that this Court's denial of the Defendants' Motions for Summary Judgment, (ECF No. 65), results in the logical exclusion of two categories of evidence from trial: (1) evidence concerning the MRUS because the Court ruled as a matter of law that the State was not immune under the MRUS; and (2) evidence concerning the registration waiver because the Court ruled as a matter of law that the waiver failed to "clearly, unequivocally, specifically, and unmistakably communicate the intent of participants in the trail ride to release Oxford from liability for falls caused by negligent conditions on the trail or immediately adjacent to the trail including tall grass and a below-the-grade culvert allegedly obscured by that grass." Plaintiff avers that these holdings constitute the law of the case and their admission would cause undue confusion or prejudice. (ECF No. 69). The Defendants argue the law of the case doctrine is inapplicable under both circumstances because the denial of a motion for summary judgment is not the law of a case and any decision did not squarely concern MRUS's or the waiver's

2

presentation to a jury. As for MRUS, the Defendant State simply opposes exclusion because the law of the case doctrine is inapplicable, while conceding that it does not plan to mention MRUS during trial. As for the waiver, both Defendants assert that it is particularly important in asserting planned defenses, including assumption of the risk.

Regarding the MRUS, given the State's representation that it does not intend to introduce or mention the MRUS as trial, the Plaintiff's motion is denied as moot. Should the State develop additional facts at trial or have additional legal authority to present on the MRUS issue for the Court's consideration by way of a motion for judgment at the conclusion of Plaintiff's case or at the conclusion of all the evidence out of the presence of the jury, it is free to do so as the Court does not consider its prior denial of the State's motion for summary judgment on this issue to bar the State from doing so under the law of the case doctrine.

Regarding the waiver, this Court identified as a "threshold issue" whether the waiver was, in fact, exculpatory—that is, whether it expressly or unequivocally demonstrated on its face an unambiguous intention to shield Defendants from liability for their own alleged negligence, relying on *Adloo v. H.T. Brown Real Estate, Inc.*, 344 Md. 254 (1996), and, in particular, *Adloo's* approving citation to *Audley v. Melton*, 138 N.H. 416, 417 (1994), which found an even less ambiguous clause than the one at issue to be deficient as a waiver. (ECF No. 65 at pp. 16-17). Simply put, language that Defendant Oxford "is not responsible for any person, horse or your property" and that entrants "participate at your own risk" is insufficient as a matter of law in the Court's view to bar claims based on the Defendants' own alleged negligence as articulated here. Although this Court's decision was made in the context of a summary judgment—i.e. whether *Defendants* were entitled to judgment as a matter of law based on the waiver, the Court sees no

reason to change its analysis in now holding as a matter of law that the waiver's language falls short of the legal standard demanded of exculpatory waivers.

Because Plaintiff's signing of the waiver does not, by itself, bar her claim, the Court is hesitant to permit its introduction based on concerns over its potential to mislead the jury and confuse the issues, in violation of Federal Rule of Evidence 403. A juror could, even with careful instruction from the Court, over-apply the waiver and rely on it alone in erroneously barring Plaintiff's claim. Although the waiver is some evidence that Plaintiff was voluntarily accepting some risk by participating in the event, by itself, the waiver does not establish the necessary elements of the assumption of risk defense asserted by Defendants. Additionally, according to the record presented in the summary judgment briefing, Plaintiff already acknowledges that she had "the ultimate responsibility to be alert to anything in [her] surroundings that might impact [her] or [her] horse." (ECF No. 65 at p. 16.)

Because the Court holds that, as a matter of law, the language of the waiver fails to meet the standard set forth in *Adloo* for an exculpatory waiver sufficient to excuse Defendants from their own alleged negligence as articulated in this case, and because of the danger of misleading the jury and confusion of the issues should the waiver be introduced for some other purpose (for which alternative evidence exists), the Court will not allow introduction of or reference to the waiver at trial. However, should Plaintiff "open the door" or circumstances at trial unfold such that the waiver's introduction becomes reasonably necessary for impeachment purposes or as justice otherwise requires, the Court may consider allowing introduction of or reference to the waiver at that time. Additionally, should Defendants have additional authority not already considered by the Court, they are free to raise the issue again by way of a motion for judgment at

the close of Plaintiff's case or at the conclusion of all the evidence, out of the presence of the jury.

Therefore, the Plaintiff's motion (ECF No. 69), is DENIED AS MOOT, and Plaintiff's motion (ECF No. 69-2) is GRANTED in part and DENIED in part.

**B. Defendant State's Motion *in Limine* to Exclude Evidence of Subsequent Remedial Measures. (ECF No. 70).**

The State asks to preclude evidence of the subsequent installation of a wooden fence across the top of the culvert at issue in this case arguing that it is a subsequent remedial measure as contemplated by Federal Rule of Evidence 407. (ECF No. 70). Plaintiff agrees that the evidence would not be admissible as evidence of negligence, but argues that such evidence would be admissible to prove ownership, control, or the feasibility of precautionary measures, if disputed. (ECF No. 71). At this point, it does not appear as though such issues are in dispute. Therefore, the State's motion, (ECF No. 70), is GRANTED, pursuant to Federal Rule of Evidence 407, subject to revisiting should the issues of ownership, control or feasibility fall into dispute.

Plaintiff further couched her response with a qualification that such a ruling should not apply to any other fences present on the property. (*Id.*). The merit of this qualification is better addressed below.

**C. Defendant State's Motion *in Limine* to Exclude Evidence of Fences, Railings, or Warnings Above Other Culverts or Water Bodies. (ECF No. 76).**

The State asks that Plaintiff be prevented from proffering evidence concerning other fences, railings, or warnings at Fair Hill Natural Resources Management Area ("Fair Hill") or elsewhere that are near other culverts or bodies of water other than the culvert involved in incident at hand. (ECF No. 76). The State argues that doing so is necessary because Plaintiff

will be unable to provide the requisite context or background to properly evaluate the history and purpose of fences, railings, or warnings throughout Fair Hill. And therefore, such evidence should be excluded as irrelevant, confusing or misleading, and unfairly prejudicial.

After careful review of the unopposed motion, the Court remains unconvinced of a blanket exclusion's necessity. Assuming an appropriate foundation is otherwise established for introduction of such evidence, the Court is confident that objections, cross-examinations, and the introduction of other evidence, can sufficiently prevent any potential undue confusion or prejudice. Thus, the Court DENIES Defendant's motion, (ECF No. 76), but does so without prejudice, to permit for future challenge, if necessary.

**D. Defendant Oxford's Motion *in Limine* to Preclude Plaintiff from Introducing Untimely Produced Materials, Information, and Expert Opinions. (ECF No. 83).**

The last motion before the Court is Defendant Oxford's which asks to preclude Plaintiff from introducing "untimely produced materials, information, and expert opinions," stemming from four photographs Plaintiff's expert took at the Tyron International Equestrian Center in North Carolina. (ECF No. 83). Defendant Oxford argues that the photographs should be excluded because their disclosure was untimely under Fed. R. Civ. P. 26(a)(3). Plaintiff contends that the disclosure does fall within the harmless error exception to Rule 26(a)(3) since these new photographs would be used to reinforce her expert's already-expressed opinions. Plaintiff also argues that she plans to use the photographs during the cross-examination of Defendants' expert.

As for use in Plaintiff's case in chief, the Court agrees with Oxford. Plaintiff disclosed the photographs on February 28, 2019, twenty-five (25) days before trial. In the email doing so, Plaintiff's counsel explains that the photographs will be used for "reference at trial" by Plaintiff's expert. This brief explanation of use, supplemented by Plaintiff's brief opposition, (ECF No.

85), does not sufficiently give rise to the harmless error exception to Rule 26(a)(3). Given sufficient time, Oxford may well have been able to develop evidence to undermine the photographs, including having its own expert obtain competing exhibits.

As for use in cross examination, it is not clear to the Court how the photographs would be used or whether a sufficient foundation could be established to allow them to be used for impeachment purposes. Thus, the Court reserves on whether the photographs at issue can be used for impeachment of Defendants' expert. Accordingly, Defendant Oxford's motion, (ECF No. 83), is GRANTED IN PART, with the Court reserving on the issue whether the photographs can be used for impeachment of Defendants' expert.

Dated: March 20, 2019                                    /s/
                                              J. Mark Coulson
                                              United States Magistrate Judge